1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JOSH THOMAS,                          1:10-cv-01005-OWW-SMS (HC)

10                    Petitioner,          ORDER SUMMARILY DISMISSING
                                           PETITION FOR WRIT OF HABEAS CORPUS,
11        v.                               DIRECTING CLERK OF COURT TO ENTER
                                           JUDGMENT, AND DECLINING TO ISSUE A
12                                         CERTIFICATE OF APPEALABILITY,
     K. ALLISON, Warden
13                                         [Doc. 1]
                      Respondent.
14   _____/

15
16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18        Petitioner filed the instant petition for writ of habeas corpus on June 4, 2010.

     Petitioner challenges the California Board of Parole Hearings' April 14, 2009, decision finding
19
     him unsuitable for release.  Petitioner claims the California courts unreasonably determined that
20
     there was some evidence he posed a current risk of danger to the public if released.  Petitioner
21
     also contends that Proposition 9 has changed his sentence ex post facto by increasing the time
22
     period between parole hearings Respondent filed an answer to the petition on October 28, 2010,
23
     and Petitioner filed a traverse on November 23, 2010.
24
          Because California's statutory parole scheme guarantees that prisoners will not be denied
25
     parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held
26
     that California law creates a liberty interest in parole that may be enforced under the Due Process
27
     Clause.  Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606
28

1

1  F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout

2  v. Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit

3  instructed reviewing federal district courts to determine whether California's application of

4  California's "some evidence" rule was unreasonable or was based on an unreasonable

5  determination of the facts in light of the evidence.  Hayward v. Marshall. 603 F.3d at 563;

6  Pearson v. Muntz, 606 F.3d at 608.

7      On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v.

8  Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  In Swarthout, the

9  Supreme Court held that "the responsibility for assuring that the constitutionally adequate

10  procedures governing California's parole system are properly applied rests with California

11  courts, and is no part of the Ninth Circuit's business."  The federal habeas court's inquiry into

12  whether a prisoner denied parole received due process is limited to determining whether the

13  prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons

14  why parole was denied."  Id., *citing*, Greenholtz v. Inmates of Neb. Penal and Correctional

15  Complex, 442 U.S. 1, 16 (1979).  Review of the instant case reveals Petitioner was present at his

16  parole hearing, was given an opportunity to be heard, and was provided a statement of reasons

17  for the parole board's decision. (See Resp't's Answer Ex. 2.)  "The Constitution does not require

18  more [process]." Greenholtz, 442 U.S. at 16.  Therefore, the instant petition does not present

19  cognizable claims for relief and must be summarily dismissed.

20      Petitioner equal protection challenge is also clearly without merit.  The Ninth Circuit just

21  recently held that Proposition 9 "did not change the date of inmates' initial parole hearings, and

22  did not change the standard by which the Board determined whether inmates were suitable for

23  parole." Gilman v. Schwarzenegger, No. 10-15471, 2010 WL 4925439 at *5 (9th Cir. December

24  6, 2010).  In addition, even if it is assumed, "that the statutory changes decreasing the frequency

25  of scheduled hearings would create a risk of prolonged incarceration, the availability of advance

26  hearings is relevant to whether the changes in the frequency of parole hearings create a

27  significant risk that prisoners will receive a greater punishment."  Id. at *6.  If the hearing is

28  advanced by the Board, any possibility of harm to the prisoner would be removed because he/she

would not have to wait the minimum of three years for a hearing. Id.   Accordingly, Petitioner's

claim to the contrary is rejected.

Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

district court's denial of his petition, and an appeal is only allowed in certain circumstances.

Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining

whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

>  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
> district judge, the final order shall be subject to review, on appeal, by the court
> of appeals for the circuit in which the proceeding is held.
>
>  (b) There shall be no right of appeal from a final order in a proceeding to test the
> validity of a warrant to remove to another district or place for commitment or trial
> a person charged with a criminal offense against the United States, or to test the
> validity of such person's detention pending removal proceedings.
>
>  (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
> appeal may not be taken to the court of appeals from–
>
>    (A) the final order in a habeas corpus proceeding in which the
>    detention complained of arises out of process issued by a State
>    court; or
>
>    (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the
> applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which
> specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of

appealability "if jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473,

484 (2000).  While the petitioner is not required to prove the merits of his case, he must

demonstrate "something more than the absence of frivolity or the existence of mere good faith on

his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's

determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

deserving of encouragement to proceed further.  Petitioner has not made the required substantial

showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to

issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is SUMMARILY DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.IT IS SO ORDERED.

**Dated:    January 25, 2011**            _____/s/ Oliver W. Wanger_____
                                          UNITED STATES DISTRICT JUDGE